```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

CHERYL GRONEFELD,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No. 4:06 CV 386 DDN
                                 )
CITY OF NORMANDY,                )
GORDON CHAMBERS,                 )
and JOHN CONNOLLY,               )
                                 )
          Defendants.            )

**MEMORANDUM AND ORDER**
**REGARDING BILL OF COSTS**

This action is before the court on the motion of the defendants for an order taxing costs. (Doc. 26.) As the prevailing parties, the defendants maintain that Rule 54(d), Federal Rules of Civil Procedure, entitles them to an award of costs in the amount of $1,249.54. The amount represents the fees for transcripts obtained from the court reporter. The plaintiff responds that the defendants' bill of costs contains certain expenses that are not taxable under Rule 54(d). (Doc. 27.)

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On February 27, 2006, Cheryl Gronefeld filed suit against the defendants under Title VII of the Civil Rights Act. In her complaint, the plaintiff alleged that she had been fired from her job based on her sex. On May 15, 2007, the court granted the defendants' motion for summary judgment.

**II.   DISCUSSION**

Under Rule 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Under the rule, there is a presumption that the prevailing party be awarded costs. Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000). In fact, a court must articulate a good reason for denying or reducing a prevailing party's request for costs. Baez v. U.S. Dep't of Justice, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc). That said, a district court still retains substantial discretion

in awarding costs to the prevailing party. <u>Greaser v. State of Mo., Dep't of Corrs.</u>, 145 F.3d 979, 985 (8th Cir. 1998).

Fees for the transcripts obtained from the court reporter are specifically covered under Rule 54(d). 28 U.S.C. § 1920(2). Unless the opposing party states a specific objection that a deposition was conducted improperly or prolonged unnecessarily, the deposition costs will be taxed in favor of the prevailing party. <u>Hollenbeck v. Falstaff Brewing Corp.</u>, 605 F.Supp. 421, 439 (E.D. Mo. 1984). In this case, the defendants' motion for costs involves fees to the court reporter for depositions – expenses specifically authorized by the statute. In addition, the plaintiff has not made any specific objection regarding the depositions taken. The court will award the transcript fee, subject to the following.

Certain costs should be subtracted from the deposition transcript charges. Section 1920 does not authorize taxing postage and delivery expenses. <u>Smith v. Tenet Healthsystem SL, Inc.</u>, 436 F.3d 879, 890 (8th Cir. 2006); <u>Hodak v. City of St. Peters</u>, No. 4:04 CV 1099, 2007 WL 674249, at *3 (E.D. Mo. Feb. 28, 2007); <u>Hollenbeck</u>, 605 F.Supp. at 439. As a result, the postage and handling fee of $11.44 is deducted.

The court will not tax any expense that is unreasonable – whether because it was excessive or because it should not have been incurred. <u>Henry v. Webermeier</u>, 738 F.2d 188, 192 (7th Cir. 1984). The defendants incurred late fee charges of $3.38 and $8.22 for late payment. These charges should not have been incurred and will not be taxed to the plaintiff. Therefore, $11.60 is subtracted from the award of costs.

For these reasons,

**IT IS HEREBY ORDERED** that the defendants' motion for costs (Doc. 26) is granted in part and denied in part.

**IT IS HEREBY ORDERED** that the defendants recover the sum of $1,226.50 from the plaintiff as costs.

/S/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 5, 2007.